**In re John B. HALL, Debtor.**

**Warren Herbert SCOTT, Plaintiff,**

v.

**John B. HALL, Defendant.**

**Bankruptcy No. 88–03419.**
**Adv. No. 88–0262.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

March 7, 1989.

Craig T. Matthews, Dayton, Ohio, for Warren H. Scott.

Jerry Meadows, Dayton, Ohio, for debtor.

Herbert Ernst, Jr., Dayton, Ohio, Trustee.

Charles M. Caldwell, Columbus, Ohio, U.S. Trustee.

DECISION AND ORDER GRANTING SUMMARY JUDGMENT TO PLAINTIFF AND EXCEPTING FROM DISCHARGE THE OBLIGATION OF DEFENDANT TO PLAINTIFF UNDER 11 U.S.C. § 523(a)(6)

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon the motion of Warren Herbert Scott (Plaintiff) for summary judgment against John B. Hall (Defendant/Debtor) pursuant to Bankruptcy Rule 7056 and Federal Rule of Civil Procedure 56. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter concerns the determination of the dischargeability of a debt owed by Defendant to Plaintiff and is, therefore, a core matter under 28 U.S.C. § 157(b)(2)(I).

## PROCEDURAL POSTURE

Plaintiff filed this adversary proceeding for a determination that the debt owed to him by the Defendant/Debtor, as a result of a state court judgment, is nondischargeable under section 523 of the Bankruptcy Code.[1] Essentially, Plaintiff alleged that Debtor, who is also Plaintiff's nephew, during a 34 month period, converted to his own use Plaintiff's life savings, the proceedings from the sale of Plaintiff's residence, and a number of monthly social security and pension checks. Prior to the filing of Defendant/Debtor's petition in bankruptcy, Plaintiff recovered a state court judgment against Defendant for conversion and was awarded both compensatory and punitive damages. In support of his motion for summary judgment, Plaintiff maintains that Debtor is collateraly estopped by the state court decision from relitigating the issue of whether his acts of conversion were "willful and malicious" under 11 U.S.C. § 523(a)(6) and, therefore, the obligation of Defendant to Plaintiff should be excepted from discharge.

In his response to Plaintiff's motion for summary judgment, Debtor has offered no affidavit or any other material to demonstrate the existence of any genuine issue as to any material fact. Therefore, under Fed.R.Civ.P. 56(c) the question before the court is a legal one only, i.e. whether on the basis of the prior state court trial, Plaintiff is entitled to judgment in this court as a matter of law. Debtor asserts that collateral estoppel is not applicable because the burden of proof in the state court was

---

1. Plaintiff's complaint refers to section 523(a)(2) [obtaining money or property by false pretenses, false representation or actual fraud] as the applicable section of the Bankruptcy Code for excepting Defendant's debt from discharge, but Plaintiff's motion for summary judgment requests the court to except the debt from discharge under section 523(a)(6) [Willful and malicious injury]. Nothing in this proceeding prevents the plaintiff from changing his theory of recovery so long as the facts support the additional theory.

proof by a preponderance of the evidence, whereas the correct standard of proof for dischargeability proceedings under section 523(a)(6) of the Bankruptcy Code is clear and convincing evidence. Debtor also maintains that, because the state court judgment has been appealed, Plaintiff's motion for summary judgment is not ripe for decision and this court should not rule on the motion until the state court appeals process has been completed.

## CONCLUSIONS OF LAW

In *Brown v. Felsen,* 442 U.S. 127, 138–139, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979), the Supreme Court held that res judicata [2] does not apply to dischargeability proceedings and that a bankruptcy court may consider evidence extrinsic to the judgment and record of a prior state suit. However, the Court expressly left open the question of whether collateral estoppel is applicable in dischargeability proceedings:

> This case concerns res judicata only, and not the narrower principle of collateral estoppel. Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. (citations omitted) If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17, then collateral estoppel, in the ab-

**2.** The lexicon of res judicata has often been confusing. Fortunately, definitional guidance had been provided in recent years by the Supreme Court:

> The preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology, attributable to the evolution of preclusion concepts over the years. These effects are referred to collectively by most commentators as the doctrine of "res judicata." (citations omitted) Res judicata is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. (citation omitted) This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it

sence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

Because respondent does not contend that the state litigation actually and necessarily decided either fraud or any other question against petitioner, we need not and therefore do not decide whether a bankruptcy court adjudicating a § 17 question should give collateral-estoppel effect to a prior decision. *Id.* at n. 10.

Subsequently, this court's circuit court of appeals stated that "[a]pplying collateral estoppel is logically consistent with the Supreme Court's decision in *Brown* and the exclusive jurisdiction of the bankruptcy courts while at the same time encouraging judicial economy." *Spilman v. Harley,* 656 F.2d 224, 227 (6th Cir.1981). The Sixth Circuit found no reason to permit the relitigation of facts previously litigated which were necessary to the outcome of prior litigation and held "that where all the requirements of collateral estoppel are met, collateral estoppel should preclude relitigation of factual issues." *Id.* at 228.

■ As set forth by the Sixth Circuit, the requirements of collateral estoppel are—

1) that the precise issues in the later proceedings have been raised in the prior proceeding,

should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar. (citation omitted)

> This Court on more than one occasion has used the term "res judicata" in a narrow sense, so as to exclude issue preclusion or collateral estoppel. See, *e.g., Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). When using that formulation, "res judicata" becomes virtually synonymous with "claim preclusion." In order to avoid confusion resulting from the two uses of "res judicata," this opinion utilizes the term "claim preclusion" to refer to the preclusive effect of a judgment in foreclosing litigation of matters that should have been raised in an earlier suit....

*Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 77, 104 S.Ct. 892, 894, n. 1, 79 L.Ed.2d 56 (1984).

2) that the issues were actually litigated in the prior proceeding, and

3) that the determinations were necessary to the outcome of the prior proceeding. *Id.*

In addition, it must appear that, in determining the factual issues, the state court used standards identical to those utilized in dischargeability proceedings. *Id.* at 227.

One standard requiring scrutiny by this court is the burden of proof used in the state court litigation. Currently a split of authority exists concerning the standard of proof required under section 523(a)(6) of the Bankruptcy Code; one line of cases applies a preponderance of the evidence standard, while the other requires clear and convincing evidence.[3] In this court's view, the Sixth Circuit has not unequivocally addressed the issue of the burden of proof in section 523(a)(6) proceedings. In *Martin v. Bank of Germantown (In re Martin)*, 761 F.2d 1163, 1165 (1985), the Sixth Circuit explicitly stated that "[t]he party seeking an exception from discharge under section 523(a)(2) has the burden of proof by clear and convincing evidence," but did not elaborate upon this statement nor indicate whether a clear and convincing standard of proof is appropriate for the remaining exceptions to discharge under section 523(a). Recently, however, the Sixth Circuit stated, without qualification, that a creditor, "as the party *seeking an exception from discharge* in bankruptcy, had the burden to prove reliance by clear and convincing evidence." *Manufacturer's Hanover Trust Co. v. Ward (In re Ward)*, 857 F.2d 1082, 1083 (6th Cir.1988) (emphasis supplied). Although this statement is sufficiently broad to support the proposition that clear and convincing evidence is required under all of the discharge exceptions enumerated under section 523(a), this court is persuaded by the comments of The Honorable Arthur J. Spector, U.S. Bankruptcy Judge, that such an ex-

pansive reading of the Sixth Circuit's statement is neither required nor desirable:

At page 1083 of the opinion [*In re Ward*], the court stated, "MHT, as the party seeking an exception from discharge in bankruptcy, had the burden to prove reliance by clear and convincing evidence." In fact, its specific holding was that the lower courts' factual determination that "MHT failed to meet its burden of introducing clear and convincing evidence that it conducted even the most superficial credit investigation" was "not clearly erroneous". At p. 1084.

The phrase, "as the party seeking an *exception* from discharge" (emphasis added) is troublesome. It is a generalization that could mean that all exceptions to discharge (including, presumably, that an assault was willful and malicious (§ 523(a)(6)); child support is owed (§ 523(a)(5)); a student loan debt is due (§ 523(a)(8)); a particular type of tax debt is owed (§ 523(a)(1)); a vehicular accident causing personal injury was the result of the debtor's drunkenness (§ 523(a)(9)) must be proven by clear and convincing evidence. Perhaps the court means just that. But since the case in which it made this "pronouncement" was just another false financial statement, i.e. fraud, case like *In re Martin*, 761 F.2d 1163 (6th Cir.1985), I doubt it. This statement, too, then, is just *dictum*, and ought carry little weight in the determination of the appropriate standard of proof of this case. *Borg–Warner Acceptance Corp. v. Watkins (In re Watkins)*, 90 B.R. 848, 850, n. 3 (Bankr.E.D. Mich.1988).

■ Because this court is not convinced that its own circuit court of appeals has decided the necessary degree of proof under section 523(a)(6), examination of other decisional law is appropriate. In particular, this court is convinced by the rationale contained in *Combs v. Richardson*, 838 F.2d 112 (4th Cir.1988), which specifically

---

**3.** *See, e.g., Stern v. Dubian (In re Dubian)*, 77 B.R. 332 (Bankr.Mass.1987) (preponderance of the evidence); *Morehead v. Peoni (In re Peoni)*, 67 B.R. 288 (Bankr.S.D.Ind.1986) (clear and convincing evidence); *Hagen v. Alexander (In re*

*Alexander)*, 58 B.R. 160 (Bankr.W.D.Wis.1984) (clear and convincing evidence); *York v. Shpeherd (In re Shepherd)*, 56 B.R. 218 (D.W.D.Va. 1985) (preponderance of the evidence).

addresses the issue of the standard of proof required under section 523(a)(6), that a "preponderance" of the evidence standard, rather than a "clear and convincing" evidentiary standard, is appropriate under section 523(a)(6):[4]

The Bankruptcy Code is silent as to the standard of proof necessary to establish the exceptions to discharge in § 523. In the face of this silence, courts may not imply a higher standard than the preponderance standard normally applied in civil proceedings. Although the "fresh start" philosophy of bankruptcy law requires that exceptions to discharge "be confined to those plainly expressed," (citation omitted), this policy does not justify judicial imposition of a heavier burden of proof on creditors seeking to have a debt determined nondischargeable under § 523(a)(6).

Congress had reasons for enacting the exceptions to discharge in bankruptcy embodied in § 523. While bankruptcy proceedings are intended to afford debtors a "fresh start," the provision at issue here expresses Congress' determination that debts incurred as the result of a debtor's willful and malicious injury of another are of a type that bankruptcy ought not to forgive. The balance of these competing policies does not require a heightened standard of proof of the § 523 exception, but does require that the bankruptcy court carefully determine that the prerequisites for collateral estoppel have been fully satisfied.... [We] hold that the policies of the Bankruptcy Code are best effectuated by requiring that creditors prove by a preponderance of the evidence the willfulness and maliciousness of the debtors' acts under § 523(a)(6) and by waiting for Congress, not the courts, to signal a departure from this standard. *Id.* at 116.

\*      \*      \*      \*      \*      \*

Having determined that a preponderance of the evidence is the proper standard of proof in a dischargeability proceeding under section 523(a)(6) of the Bankruptcy Code, and noting that this was the standard of proof utilized in the prior state court litigation, this court must decide if the elements of collateral estoppel have been satisfied by the previous state court trial. "To do this, the bankruptcy court should look at the entire record of the state proceeding, not just the judgment." *Spilman, supra,* 656 F.2d at 228. Accordingly, the court has reviewed the transcript of the state court proceedings.

In deciding whether this adversary proceeding's issue of willful and malicious injury was also before the state court, it is first necessary to define the meaning of willful and malicious injury for bankruptcy purposes. Under section 523(a)(6) of the Bankruptcy Code, "[t]he word 'willful' means 'deliberate or intentional,' a deliberate and intentional act which necessarily leads to injury." *Perkins v. Scharffe,* 817 F.2d 392, 394 (6th Cir.1987) (quoting 3 Collier on Bankruptcy ¶ 523.16 (15th ed. 1986)). " 'Malicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *Wheeler v. Laudani,* 783 F.2d 610, 615 (6th Cir.1986). Therefore, for purposes of bankruptcy law, "a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury." *Perkins, supra,* 817 F.2d at 394 (quoting 3 Collier on Bankruptcy ¶ 523.16 (15th ed. 1986)).[5]

■ The following statement, then, is consistent with those of the Sixth Circuit and is the standard of "willful and maliciousness" applicable to the instant proceeding:

When a wrongful act such as conversion, done intentionally, necessarily produces harm and is without just cause or excuse, it is 'willful and malicious' even absent proof of a specific intent to injure. *Impulsora Del Territorio Sur v. Cecchini*

---

**4.** *Contra Chrysler Credit Corp. v. Rebhan,* 842 F.2d 1257, 1262 (11th Cir.1988).

**5.** *See also Seven Elves, Inc. v. Eskenazi,* 704 F.2d 241, 245 (5th Cir.1983) ("Willful means intentional and malicious adds the absence of just cause or excuse.").

(*In re Cecchini*), 780 F.2d 1440, 1443 (9th Cir.1986).

The questions before this court are whether the precise issue of "willful and malicious" (*as defined for bankruptcy purposes*) was before the state court, whether that issue was actually litigated, and whether a determination of the issue was necessary to the outcome of the state litigation.

The state court jury verdict simply finds in favor of the plaintiff and against the defendant/debtor, and awards both compensatory and punitive damages to the plaintiff. Examination of the trial transcript discloses those matters the jury had to consider in reaching its verdict and demonstrates that the jury had before it the same issues that are currently before this court. After being informed that the Plaintiff, Mr. Scott, had the burden of proving his case by a preponderance of the evidence, the jury was instructed that the action was for the conversion of the plaintiff's property and that

> [t]he right to the return of personal property depends upon the *wrongful possession* by a person of the property of another. It is the wrongful withholding of the property that gives the right of action to the owner of the property against the wrong-doer. (Tr. 127–128)

The jury was also instructed that the plaintiff

> must prove by a preponderance of the evidence that his property ... [is] presently being withheld from him by [the defendant] *without justification*. [The plaintiff] must prove by a preponderance of the evidence that [the defendant] has converted these assets to the use of [the defendant]. (Tr. 129)

By returning a verdict with actual damages, it is clear that the jury decided that the defendant/debtor had committed a wrongful act of conversion, which harmed the plaintiff, and that such act was without justification or excuse.[6] On the basis of the jury instructions it may be questioned whether the jury's verdict for actual damages necessitated a determination that the debtor's actions were intentional. Resolution of that question is unnecessary, however, because of the jury's further actions with regard to punitive damages. The jury was instructed that it could award punitive damages

> only where a party intentionally and with actual malice injures another or acts without lawful justification or excuse. (Tr. 133)

■ Therefore, to reach its verdict on actual and punitive damages, the jury, of necessity, concluded that the debtor's acts were wrongful, intentional, produced harm and were without just cause or excuse.[7]

■ In summary, from an examination of the trial transcript, the court concludes that the precise issues before this court were also before the state court and that those matters were actually litigated in the prior proceeding. With respect to the third element of collateral estoppel, that the determination of these issues was necessary to the outcome of the prior proceeding, it appears clear that the issues decided by the state court jury were necessary to enable the jury to award compensatory and punitive damages. No argument to the contrary has been offered by the debtor.

\*　　\*　　\*　　\*　　\*　　\*

■ Defendant/debtor also contends that the state court judgment has been appealed and, therefore, this court should defer ruling on Plaintiff's motion for summary judgment. On September 9, 1988 the Court of Appeals of Montgomery County, Ohio, reversed the trial court, which had

---

**6.** The jury was quite explicit in finding no excuse or justification for defendant's acts. In a series of interrogatories, the jury rejected defendant's defense of "gift" and found that various transfers to defendant by plaintiff were not gifts.

**7.** The court cannot ascertain whether the jury concluded that the defendant/debtor acted with actual malice or without lawful justification or excuse. The point is irrelevant, however, because for bankruptcy purposes, it need only be shown that the debtor acted without lawful justification or excuse; actual malice need not be shown. *Wheeler v. Laudani, supra,* 783 F.2d at 615.

vacated the verdict in favor of the plaintiff, and reinstated the jury verdict. Subsequently, on December 23, 1988, the court of appeals denied a motion of the defendant/debtor for reconsideration. This court is not aware of any currently pending appeal by the debtor in the state court system.

However, in the event that an appeal is pending, it is nevertheless permissible for this court to rule on Plaintiff's motion for summary judgment, because "the law is well settled that the pendency of an appeal has no affect on the finality or binding effect of a trial court's holding." *SSIH Equipment S.A. v. U.S. Intern. Trade Com'n,* 718 F.2d 365, 370 (Fed.Cir.1983). If the prior state court action should be reversed, then the prior action will no longer have preclusive effects. But until such a hypothetical event occurs, the prior judgment is binding. *Lee v. Criterion Insurance Co.,* 659 F.Supp. 813, 820 (D.S.D.Ga. 1987). In such a case, the parties should return to this court for further proceedings concerning the judgment being rendered today.

This court is mindful that it should be cautious in applying the doctrine of collateral estoppel. However, the debtor has not advanced (nor has the court been able to discern) a countervailing policy which should prevent the application of collateral estoppel in this case. While the debtor presented a great deal of favorable evidence during the state court trial, it can only be concluded that the jury simply did not find the evidence credible.

> [T]he unique value of a jury is its ability to weigh the testimony of witnesses and to resolve disputed questions of fact. In arriving at such factual determinations, a jury's findings have particular credibility and are entitled to great deference. *Combs, supra,* 838 F.2d at 115.

For the foregoing reasons it is hereby ORDERED that Plaintiff's motion for summary judgment is granted and the debt of Defendant to Plaintiff is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).