**In re Sandra S. RAINER, Debtor.**

**CENTURY SURETY INSURANCE CO., Plaintiff,**

v.

**Sandra S. RAINER, Defendant.**

**Bankruptcy No. 2–89–01697.**

**Adv. No. 2–89–0229.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Dec. 6, 1989.

John C. Heinkel, Lewis & Spencer, Columbus, Ohio, for plaintiff, Century Sur. Ins. Co.

Thomas E. Phillips, Chillicothe, Ohio, for debtor.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio, Asst. U.S. Trustee.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

R. GUY COLE, Jr., Bankruptcy Judge.

#### I. *Preliminary Matters*

The matter presently before the Court is a Motion for Summary Judgment ("Motion") filed by Century Surety Insurance Company, the plaintiff in this adversary proceeding. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding which the Court has authority to hear and determine in accordance with 28 U.S.C. § 157(b)(1) and (2)(I).

The plaintiff has filed a complaint to determine the dischargeability of a debt owed by defendant/debtor, Sandra S. Rainer ("Debtor'). The gravamen of the complaint is that the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). Specifically, plaintiff's complaint alleges that the

Debtor's involvement in the arson of her property, as well as her misrepresentations, constitute a willful and malicious injury to the plaintiff and plaintiff's property. The plaintiff has moved for summary judgment arguing that there is no genuine issue as to any material fact and that the plaintiff is entitled to judgment as a matter of law. *See* Bankruptcy Rule 7056. According to the plaintiff, a judgment entry of the Common Pleas Court of Ross County, Ohio, dated December 16, 1988, entered against the Debtor herein in the state court action has established "uncontested facts" which entitle plaintiff to judgment in the instant action. *See* plaintiff's Motion for Summary Judgment at 3–4.

## II. *Legal Discussion*

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (emphasis in original); *Kendall v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984).

The standard to be applied by the Court on a motion for summary judgment mirrors the standard for a directed verdict. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2550, 91 L.Ed.2d 265 (1986); *Anderson*, 106 S.Ct. at 2512.

> The primary difference between the two motions is procedural; summary judgment motions are usually made before trial and decided on documentary evidence, while directed verdict motions are made at trial and decided on the evidence

that has been admitted. *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n. 11 [103 S.Ct. 2161, 2171 n. 11, 76 L.Ed.2d 277] (1983). In essence, though, the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

Accordingly, although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules which are designed "to secure the just, speedy and inexpensive determination of every action." *Celotex*, 106 S.Ct. at 2555, (quoting Fed.R. Civ.P. 1); *Anderson*, 106 S.Ct. at 2512.

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970) (footnote omitted); *accord, Adams v. Union Carbide Corp.*, 737 F.2d 1453, 1455–56 (6th Cir.1984), *cert. denied*, 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 432 (1985). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Assoc., Inc.*, 630 F.2d 1155, 1158 (6th Cir.1980). Additionally, "unexplained gaps" in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment. *Adickes*, 398 U.S. at 157–60, 90 S.Ct. at 1608–10; *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

If the moving party meets its burden and if adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's

case and on which that party will bear the burden of proof at trial. *Celotex,* 106 S.Ct. at 2554. The mere existence of a scintilla of evidence in support of the party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson,* 106 S.Ct. at 2512. As is provided in Fed.R.Civ.P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his ... [pleadings] in opposition to a properly supported motion for summary judgment against him." *First Nat'l. Bank v. Cities Service Co.,* 391 U.S. 253, 259, 88 S.Ct. 1575, 1577–78, 20 L.Ed.2d 569 (1968) (footnote omitted).

■ The Court's independent review of the court record indicates that the Debtor has filed no memorandum in opposition to the summary judgment motion. Although this, in and of itself, does not automatically result in the granting of summary judgment, the Court finds that the plaintiff has produced sufficient information to establish that no factual dispute exists. Plaintiff's affidavits clearly demonstrate that this exact issue was actually litigated and decided at the state court level. The doctrine of collateral estoppel bars relitigation in this Court of factual issues previously determined in a state court action. *Spilman v. Harley,* 656 F.2d 224 (6th Cir.1981); *see also Blonder–Tongue Laboratories, Inc. v. University of Ill. Foundation,* 402 U.S. 313, 328–29, 91 S.Ct. 1434, 1442–43, 28 L.Ed.2d 788 (1971). Judgment is hereby rendered, therefore, against defendant and in favor of plaintiff on its unopposed motion for summary judgment.

■ As an aside, the Court notes that the state court judgment entered against the Debtor found, by a preponderance of the evidence, that the cause of the fire was arson. There may be a question as to whether this same standard of proof should be employed by a bankruptcy court in hearing an issue premised on 11 U.S.C. § 523(a)(6). This Court, however, is persuaded by the reasoning found in *In re Hall,* 98 B.R. 777 (Bankr.S.D.Ohio 1989). The *Hall* court concluded that the preponderance of the evidence standard, rather than clear and convincing evidence standard, is the appropriate standard to be utilized in a dischargeability proceeding based on willful and malicious injury. *Id.* at 781. Accordingly, the Court finds that the doctrine of collateral estoppel is applicable to this proceeding and precludes this Court from relitigating the same facts previously decided by the Common Pleas Court in Ross County.

Based upon the foregoing, this Court finds it appropriate to grant summary judgment in favor of the plaintiff.

IT IS SO ORDERED.