In the Matter of C. Edward
DINE, Debtor.

Clara E. CRAWFORD, Plaintiff,

v.

C. Edward DINE, Defendant.

Bankruptcy No. 3–88–03526.
Adv. No. 3–89–0020.

United States Bankruptcy Court,
S.D. Ohio, W.D.

June 29, 1990.

Randal A. Harvey, Troy, Ohio, for plaintiff.

Jerry A. Meadows, Dayton, Ohio, for defendant.

DECISION ON ORDER GRANTING
MOTION FOR SUMMARY
JUDGMENT

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding, which arises under 28 U.S.C. § 1334(b) in a case referred to this court by the Standing Order of Reference entered in this district, is determined to be a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(I)—determinations as to the dischargeability of particular debts. This proceeding is before the court on cross-motions for summary judgment.

The debtor, C. Edward Dine, filed a Chapter 7 petition and listed Clara E. Crawford, the plaintiff in this proceeding, as an unsecured creditor with an eighty-two thousand dollar ($82,000) claim. Crawford initiated this adversary proceeding seeking a determination that the debt owed to her by the debtor-defendant is nondischargeable pursuant to 11 U.S.C. § 523(a)(2) and § 523(a)(6). The defendant filed Motion of Defendant for Summary Judgment and Memorandum in Support (Doc. 20) and plaintiff filed Motion Of Plaintiff For Summary Judgment and Accompanying Memorandum (Doc. 21) and Memorandum in Response to Defendant's Motion For Summary Judgment (Doc. 22).

The plaintiff states in her summary judgment memorandum that she met the debtor in 1980 and over the next five years, on various occasions, loaned the debtor sums of money totaling thirty-two thousand dollars ($32,000). Specifically, Crawford alleges that in June of 1984 the debtor executed a promissory noted in her favor in the amount of four thousand dollars ($4,000) and that the debtor has not repaid the loan. Crawford also asserts that in October 1984, she loaned the debtor a total of eight thousand dollars consisting of two, two thousand dollars ($2,000) loans and one four thousand ($4,000) loan. Further, in March 1985, she loaned the debtor an additional twenty thousand dollars ($20,000). None of these loans were repaid. She alleges that the reason she lent the debtor these funds is that he falsely represented to her that the funds were to be used by him to demonstrate to other persons involved with him in a business transaction for the sale of a car wash that he had sufficient funds to purchase the car wash. She alleges that the debtor represented that the car wash transaction would be consummated in Lexington, Kentucky on March 17, and that she and the debtor would be married on that same day and that the funds would be returned to her on the next day, March 18, 1985. Crawford

also alleges that the debtor induced her through fraudulent representation and undue influence to convey to him certain real property that she owned. Crawford also alleges that the debtor induced her to sign a promissory note of fifty thousand dollars ($50,000) made payable to the debtor. (Plaintiff's Exhs.' A and D—certified copies of the Crawford's amended complaint and Proposed Findings of Fact and Conclusions of Law adopted by the trial court in the prepetition state court action between Crawford and Dine, Case No. 85–CIV–463, Court of Common Pleas, Clark County, Ohio).

In a prepetition lawsuit between Crawford and Dine on the above facts, following a full trial, the Common Pleas Court of Clark County, Ohio entered a judgment in her favor against the debtor, granting her compensatory damages in the amount of thirty-two thousand dollars ($32,000) with interest at the rate of ten percent (10%) per annum and punitive damages in the amount of fifty thousand dollars ($50,000) with interest at ten percent (10%) per annum (Plaintiff's Exh. C—a certified copy of judgment entry). Debtor's Motion for a new trial was denied and Crawford's request for separate findings of fact and conclusions of law was sustained and the state court adopted her proposed findings of fact and conclusions of law (Plaintiff's Exh. E. Certified copy of Entry). The debtor appealed the trial court's decision and the Court of Appeals of Clark County affirmed the trial court's decision in its entirety. (Exh. F—Certified copy of Entry).

Plaintiff argues that summary judgment is appropriate because the facts and issues have been established in the prior state court action and that this court should extend preclusive effect to those determinations. Thus, this court's only task is to determine whether under federal bankruptcy standards the debt arising from the state court judgment is subject to discharge. The defendant agrees that summary judgment is appropriate and does not dispute the plaintiff assertions that she was awarded compensatory and punitive damages in the state court action and that

the state court adopted the plaintiff's proposed findings of fact and conclusions of law. The defendant's motion for summary judgment (Doc. 22) is not supported by exhibits or affidavits and the defendant did not contest the plaintiff's rendition of any of the material facts. The gist of defendant's argument (Doc. 22) is that this court should not accord preclusive deference to the state court findings because the state court used a lesser standard of proof—preponderance of the evidence and this court is required to use a higher standard of proof—clear and convincing evidence; however, the court notes that in a later filing captioned "Joint Notice of Filing of Entry" the parties submitted an Entry of the state court which establishes that the state court applied the higher standard of proof by clear and convincing evidence in reaching its determinations (Doc. 26). The court also notes that the defendant did not submit any further memorandum of law, or request leave to file additional memorandum to address this issue.

Fed.R.Civ.P. 56(c) made applicable to this proceeding via Bankr. Rule 7056 states that summary judgment is appropriate and the "judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In 1986 the Supreme Court in three decisions revisited the summary judgment rule and infused the rule with renewed vitality. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2512 the Court noted that the standard for ruling on summary judgment mirrors that of the directed verdict: The trial court is required to determine "[w]hether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." The Court further noted as follows:

> The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict ... the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment.

*Id.* at 256, 106 S.Ct. at 2514. *Accord, Century Surety Insurance Co. v. Rainer (In re Rainer)*, 108 B.R. 184, 185–86 (Bankr.S.D.Ohio 1989); *Matter of Warner*, 65 B.R. 512, 516–17 (Bankr.S.D.Ohio 1986). In a recent decision, *Street v. J.C. Bradford & Company*, 886 F.2d 1472, 1476 (6th Cir.1989), the Sixth Circuit in an extended analysis of the summary judgment rule noted that the Supreme Court's decisions ushered in a "new era" in summary judgment and also commented:

> On the whole, these decisions reflect a salutary return to the original purpose of summary judgments. Over the years, decisions requiring denial of summary judgment if there was even a suggestion of an issue of fact had tended to emasculate summary judgment as an effective procedural device (footnote omitted).

The Sixth Circuit further noted in *Street* at 1478:

> Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion. If, after a sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate.

This court's examination of the pleadings and exhibits do not reveal any disputed facts; thus, the court determines that the facts are uncontroverted and will proceed to determine this matter on summary judgment.

The disposition of this proceeding entails a two part analysis. First, the court must determine whether preclusion principles are applicable in this proceeding; and, if applicable, whether they require a determination in favor of either party.

In *Shafer v. Wintrow (In re Wintrow)*, 57 B.R. 695, 698 (Bankr.S.D.Ohio 1986), this court recognized the lack of clarity that surrounds the terms "res judicata" and "collateral estoppel" and chose to use the terms "claim preclusion" and "issue preclusion":

> In an attempt to clarify the varying terminology that has developed in this area and to continue a consistent use of terminology regarding the doctrine of preclusion, this court shall use the term claim preclusion to refer to the effect of a prior judgment in precluding presentation of all matters that could have been litigated in an earlier suit, whether such matters were litigated or not, and issue preclusion to refer to the effect of a prior judgment in precluding presentation of matters that were actually litigated and decided in an earlier suit (citations omitted).

The Supreme court held in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) that bankruptcy courts are endowed with exclusive jurisdiction to determine dischargeability actions and, therefore, claim preclusion is not available in dischargeability proceedings. The doctrine of issue preclusion, with certain limitations, is applicable to bankruptcy dischargeability proceedings. *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir.1981). Issue preclusion serves the "dual purpose of protecting litigants from the burden of relitigating an identical issue ... and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979).

■ In determining the applicability of issue preclusion to a dischargeability action the bankruptcy court must consider whether 1) the precise issues raised in the prior proceeding are the same issues for which preclusion is sought; 2) the issues were actually litigated; 3) the determination was necessary to the outcome; and 4) the prior determination resulted in a valid and final judgment. *Spilman*, 656 F.2d at 228. *See, also, Moore v. McQueen (In re McQueen)*, 102 B.R. 120, 123 (Bankr.S.D. Ohio 1989); *Raybourn v. Buroker (In re Buroker)*, 72 B.R. 993, 996 (Bankr.S.D.Ohio 1987); *Wintrow*, 57 B.R. at 699. In addition, the evidentiary standard applied in the prior proceeding cannot be less stringent than the standard required in the dischargeability action. Thus, "[a] bankruptcy court in a dischargeability proceeding under 11 U.S.C. § 523(c) must examine both the standard of proof required for the state court judgment and the proof actually presented and recited in the state court judgment." *Wintrow*, 57 B.R. at 702.

■ Plaintiff's complaint sounds in fraud and invokes § 523(a)(2) and § 523(a)(6) of the Code. The Sixth Circuit has established that the standard of proof to be applied in § 523(a)(2) actions is the standard of clear and convincing evidence. *Coman v. Phillips (In re Phillips)*, 804 F.2d 930, 932 (6th Cir.1986); *Martin v. Bank of Germantown (In re Martin)*, 761 F.2d 1163, 1165 (6th Cir.1985). The Sixth Circuit has not, however, established the standard of proof to be applied in § 523(a)(6) actions. There is a split of authority with regard to the appropriate standard of proof to be applied in § 523(a)(6) actions. *See, Scott v. Hall (In re Hall)*, 98 B.R. 777, 780 (Bankr.S.D.Ohio 1989) and cases cited therein. Whatever the eventual resolution of the appropriate standard of proof under § 523(a)(6) (*compare Combs v. Richardson*, 838 F.2d 112 (4th Cir.1988) and *In re Braen*, 900 F.2d 621 (3rd Cir. 1990)—preponderance of the evidence with *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257 (11th Cir.1988) and *In re Garner*, 881 F.2d 579 (8th Cir.1989)—clear and convincing evidence), it does not present an obstacle to the application of preclusion principles in this proceeding. The parties in this proceeding submitted a joint filing stipulated as a "true and accurate" copy of an Entry of the Common Pleas Court of Clark County (Doc. 23), which establishes that

the standard of proof applied by the state court as the basis for the eighty two thousand dollars ($82,000.00) judgment was clear and convincing evidence.

Upon examining the state court pleadings submitted in this proceeding, this court is persuaded that the application of preclusion principles is appropriate. First, the issues raised in the prior proceeding are the same issues for which preclusion is now sought. Plaintiff asserted in the prior state court proceeding that the debtor made false representations to the plaintiff with the intent to deceive and defraud her of her property. The state court found this to be true, and this is exactly the same issue for which the plaintiff now seeks preclusive effect. Second, these issues were actually litigated and the plaintiff sustained her burden of proof. (Exhs. C, D and F). Third, these determinations formed the basis of the state court judgment. The state court found that "the Defendant Ed Dine engaged in a deliberate course of fraudulent conduct for the purpose of depriving Clara Crawford of money in the amount of $32,000.00 and real property located in Clark County, Ohio." Fourth, the state court determination resulted in a final judgment which was affirmed by the Court of Appeals of Clark County (Exh. F).

■ The Bankruptcy Code sections 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6) provide in relevant part:

§ 523(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud....

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

Thus, in order to except a debt from discharge pursuant to § 523(a)(2)(A) the creditor must establish by clear and convincing evidence that the debtor 1) obtained money through a material misrepresentation, 2) that the debtor knew to be false; 3) that the debtor intended to deceive the creditor; 4) the creditor reasonably relied on the false representations and 5) the creditor's reliance was the proximate cause of her loss. *Coman v. Phillips*, 804 F.2d at 932.

The state court records indicate that the debtor engaged in a "deliberate course of fraudulent conduct" for the purpose of depriving the plaintiff of money and property. The findings of fact establish that the debtor's actions were deliberate and fraudulently designed to deceive the plaintiff and to induce her to turn her money and property over to him. The execution and success of this scheme was facilitated by the romantic relationship that had developed between the parties. The facts, uncontroverted by the debtor, established that the debtor promised to marry the plaintiff and actually chose a date for the purported union. The facts also indicate that while the parties met in 1980, the debtor did not begin his fraudulent activities until well into the relationship in 1984. Thus, the court finds that plaintiff's reliance was reasonable and resulted in her loss. The plaintiff has established the required elements under § 523(a)(2)(A).

■ Pursuant to § 523(a)(6) a debt arising out of the willful and malicious injury by the debtor to another entity or to the property of another entity is nondischargeable. With respect to the definition of willful and malicious, the court in *Hall*, 98 B.R. at 781 held:

Under section 523(a)(6) of the Bankruptcy Code, "[t]he word 'willful' means 'deliberate or intentional' a deliberate and intentional act which necessarily leads to injury." " 'Malicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." Therefore, for purposes of bankruptcy law, "a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury." (citations omitted)

*See also, Perkins v. Scharffe*, 817 F.2d 392, 394 (6th Cir.1987). The state court judgment and findings of fact established that

the debtor acted with the requisite malicious intent and thereby caused injury to the plaintiff and specifically awarded the defendant punitive damages on the basis of the defendant's "malicious" actions (Exh. C). *See, Buroker,* 72 B.R. at 997. Thus the plaintiff has also established the required elements under § 523(a)(6).

Accordingly, the court finds the entire debt of eighty-two thousand dollars ($82,-000.00) to be nondischargeable pursuant to § 523(a)(2)(A) and § 523(a)(6) of the Bankruptcy Code.

An order in accordance with this decision is simultaneously entered.

SO ORDERED.