**In re Samuel Morton WALTERS Individually and as Executor of the Estate of Dorothy E. Walters, Deceased, Debtor.**

**ESTATE OF Reba S. JONES, Plaintiff,**

v.

**Samuel Morton WALTERS**

**and**

**Samuel Morton Walters Executor of the Estate of Dorothy E. Walters, Deceased, Defendant.**

Bankruptcy No. 3–91–00416.
Adv. No. 3–91–0023.

United States Bankruptcy Court,
S.D. Ohio, W.D.

June 12, 1992.

J. Timothy Cline Jr., Dayton, Ohio, for plaintiff.

Christopher M. Hawk, Dayton, Ohio, for defendant.

1. After this proceeding was commenced, the Plaintiff died and her estate was substituted as a party in interest.

2. This complaint was amended (Doc. 7–1); however, subsequently, the Plaintiff withdrew this amended complaint (Doc. 14–1).

## DECISION ON ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THOMAS F. WALDRON, Bankruptcy Judge.

This adversary proceeding, which arises under 28 U.S.C. § 1334(b) in a case referred to this court by the Standing Order Of Reference entered in this district on July 30,. 1984, is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I)—determinations as to the dischargeability of particular debts.

This proceeding is before the court on a motion for summary judgment (Doc. 32–1) filed by the plaintiff, Estate of Reba Jones. This motion is opposed by the defendant, Samuel Morton Walters (Doc. 35–1).

### FACTS

On January 25, 1991, Samuel Morton Walters individually and Samuel Morton Walters Executor of the Estate of Dorothy E. Walters filed for relief under chapter 7 of the Bankruptcy Code (the "Defendant"). The Defendant listed Reba S. Jones on his petition as a creditor holding a secured claim. Reba S. Jones ("the Plaintiff")[1] commenced this adversary proceeding by filing a complaint[2] objecting to the dischargeability of this debt under 11 U.S.C. § 523(a)(2), § 523(a)(4), § 523(a)(5),[3] and § 523(a)(6). Thereafter, the Plaintiff filed Plaintiff's Motion For Summary Judgment As To Issue Of Nondischargeability Of Debt (Doc. 32–1). The Defendant filed Defendant's Response To Plaintiff's Motion For Summary Judgment As To Issue Of Nondischargeability Of Debt (Doc. 35–1). The parties have submitted a Statement Of Agreed Facts And Exhibits (Doc. 31–1).

The Plaintiff asserts that she is entitled to summary judgment on the issue of whether the judgment rendered by a jury in the Common Pleas Court of Miami Coun-

3. The Plaintiff asserts that the debt is nondischargeable under § 523(a)(5). This section is not applicable to this proceeding.

ty, Ohio against the Defendant, in the amount of $143,217.65 plus $100,000 punitive damages, is nondischargeable. "The subject of the lawsuit [in the Common Pleas Court of Miami County] was that Dorothy Walters, niece of Reba Jones, and Samuel M. Walters, Dorothy's husband, had without consent, used a power of attorney to take and cash in and place in their names certain certificates of deposit belonging to Reba S. Jones in the amount of $132,615.59." (Doc. 31–1 at 1).

## DISCUSSION

Summary judgment is governed by Federal Rule of Bankruptcy Procedure 7056 which incorporates Rule 56 of the Federal Rules of Civil Procedure. Rule 7056(c), in relevant part, provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). Materiality is determined by substantive law. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* See generally *Carl Subler Trucking, Inc. v. Kingsville–Ninety Auto/Truck Stop, Inc. (In re Carl Subler Trucking, Inc.)*, 122 B.R. 318, 320–21 (Bankr.S.D.Ohio 1990); *Talbot v. Warner (In re Warner)*, 65 B.R. 512, 515–18 (Bankr.S.D.Ohio 1986). No

genuine issues of material fact exist; thus, this proceeding is appropriate for summary judgment.[4]

■ The Plaintiff asserts that "preclusion principles" apply, and thus, based upon the state court judgment, summary judgment should be entered in her favor. The Supreme Court, in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), held that bankruptcy courts were granted exclusive jurisdiction to determine dischargeability actions, and therefore, claim preclusion is not available in dischargeability proceedings. Claim preclusion bars relitigation of claims or defenses which were, or should have been, actually litigated in an earlier suit. *Moore v. McQueen (In re McQueen)*, 102 B.R. 120, 122 (Bankr.S.D.Ohio 1989). However, the doctrine of collateral estoppel or "issue preclusion" may be applicable in bankruptcy dischargeability proceedings. *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir.1981); *Crawford v. Dine (In re Dine)*, 116 B.R. 101, 104 (Bankr.S.D.Ohio 1990). Issue preclusion bars relitigation of issues in a subsequent proceeding which were actually litigated and determined in a previous suit. *McQueen*, 102 B.R. at 122. Issue preclusion serves the " 'dual purpose of protecting litigants from the burden of relitigating an identical issue ... and of promoting judicial economy by preventing needless litigation.' " *Dine*, 116 B.R. at 104 (quoting *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979)).

■ In determining the applicability of the doctrine of issue preclusion to a dischargeability action, the bankruptcy court must consider whether 1) the precise issues raised in the prior proceeding are the same issues for which preclusion is sought, 2) the issues were actually litigated, 3) the determination was necessary to the outcome, and 4) the prior determination resulted in a

---

**4.** There is a dispute between the parties with respect to the amount which is currently owed on the judgment; however, this dispute is not material. The Plaintiff states that the amount owed is $204,496.98 plus interest of ten percent per annum from November 21, 1990. The De-

fendant asserts that, as of January 28, 1991, the date of filing, the punitive damage amount was $115,344.40 and the compensatory damages amount was $91,357.11. Resolution of this dispute is left for a more appropriate forum.

valid and final judgment. *Dine,* 116 B.R. at 104 (citing *Spilman,* 656 F.2d at 228). In addition, the doctrine of issue preclusion mandates that the evidentiary standard applied in the prior adjudication not be less stringent than the standard required in the dischargeability action. *Dine,* 116 B.R. at 104. The obstacles created by this requirement have been removed as a result of the Supreme Court's recent decision in *Grogan v. Garner,* —— U.S. ——, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991). In *Grogan,* the Court held that the burden of proof applicable in dischargeability proceedings is preponderance of the evidence. 111 S.Ct. at 660.[5]

The Plaintiff asserts that she is entitled to summary judgment pursuant to 11 U.S.C. § 523(a)(6). Section 523(a)(6) excepts from discharge any debts of an individual "for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" The Sixth Circuit has stated:

> An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite, or ill-will. The word "willful" means "deliberate or intentional," a deliberate and intentional act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury.

*Perkins v. Scharffe,* 817 F.2d 392, 394 (6th Cir.1987) (quoting 3 *Collier On Bankruptcy* 523–111 (15th ed. 1986)), *cert. denied,* 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112 (1987). The Sixth Circuit has rejected the stricter standard that "willful" and "malicious" requires an act with intent to cause injury. *Vulcan Coals, Inc. v. Howard,* 946 F.2d 1226, 1229 (6th Cir.1991).

The issue before this court is whether the precise issue of "willful and malicious," pursuant to § 523(a)(6), was before the state court, whether that issue was actually litigated, and whether a determination of the issue was necessary to the outcome of the state litigation. Further, this court must determine whether the state court proceeding resulted in a valid and final judgment. To make this determination, "the bankruptcy court should look at the entire record of the state proceeding, not just the judgment." *Spilman,* 656 F.2d at 228.

In the state court action, the jury was informed that the Plaintiff had the burden of proving her case by a preponderance of the evidence. The jury was then instructed:

> The right to an action of conversion of personal property depends upon the *wrongful possession* by one party of the property of another. It is the *wrongful taking* of the property that gives the right of action to the owner of the property against the wrongdoer. It is not necessary for the party taking wrongful possession of the property to assert absolute ownership of it in order to give the owner the right to an action for conversion. If you find from the evidence that the plaintiff was the owner of the property in question and entitled to the immediate possession thereof, and was deprived of that possession *by an unauthorized act* by the defendants, or *by the exercise of dominion over the property inconsistent with the right of possession by plaintiff,* it is a conversion of the property. Any *distinct act of dominion wrongfully exerted over one's property in denial of his right or inconsistent with it,* is a conversion.
>
> . . . .
>
> The court instructs the jury that Samuel Walters, as the power of attorney for Reba Jones, is in a fiduciary relationship with the plaintiff. A fiduciary has been defined as a person having a duty, created by his undertaking, to act primarily

---

5. This court notes its decision in *Shafer v. Wintrow (In re Wintrow),* 57 B.R. 695, 698–701 (Bankr.S.D.Ohio 1986) which discusses concepts of preclusion. To the extent *Wintrow* held that dischargeability determinations under 11 U.S.C. § 523(c) require proof by clear and convincing evidence, rather than a preponderance of the evidence, this court is obligated to follow *Grogan.*

for the benefit of another in matters connected with this undertaking. The term fiduciary involves the idea of trust and confidence. It refers to integrity, the fidelity of the party trusted, rather than his credit or ability. It contemplates good faith rather than legal obligation as the basis of a transaction.

A fiduciary owes the duty of good faith and loyalty to his principal, beneficiary or the person reposing the trust or confidence. The duty of the fiduciary may be breached even in the absence of bad intention or untruth.

One standing in a confidential relation who conceals or fails to make full disclosure of facts to his knowledge, knowing the other party to be ignorant of those facts, is guilty of fraud.

(Doc. 33–1, Ex. F. at 327–29) (emphasis added). With regard to punitive damages, the jury was instructed:

Punitive damages may be awarded against the defendants as a punishment to discourage others from committing similar wrongful acts. *You are not required to award punitive damages to the plaintiff and you may not do so unless you find by the greater weight of the evidence that the defendants acted with fraud or actual malice.*

Actual malice is a state of mind under which a person is characterized by hatred or ill will or a spirit of revenge, or a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

(Doc. 33–1, Ex. F at 331) (emphasis added).

█ Upon examination of the state trial court transcript and the instructions to the jury, this court is persuaded that the issue of whether the Defendant's acts were "willful" and "malicious" was before the court and was actually litigated. Although the jury instructions do not include the specific words "willful" and "malicious," the court instructed the jury that, in order to find for the plaintiff, the jury must determine the defendants committed "an unauthorized act," a "wrongful taking," or a "distinct act of dominion wrongfully exerted." The jury's verdict establishes that the defendant committed intentional or deliberate acts which necessarily produce harm and are without just cause or excuse. *Perkins*, 817 F.2d at 394. This finding is reinforced by the jury's award of punitive damages. The jury awarded punitive damages because, pursuant to the court's instructions, the jury found "by the greater weight of the evidence that the defendants acted with fraud or actual malice."

Further, with respect to the third requirement of collateral estoppel, this court concludes that the jury's determination was necessary to the outcome of the state court action. With regard to the fourth element of collateral estoppel, the court finds that the state court judgment resulted in a valid and final judgment. This judgment was affirmed by the Court of Appeals of Miami County, Ohio (Doc. 31–1, Ex. C); and, the Supreme Court Of Ohio overruled a motion for an order directing the Court of Appeals for Miami County to certify its record, (Doc. 31–1, Ex. D), leaving the judgment as a fully reviewed, valid, and final judgment.

All elements requisite to the application of issue preclusion exist in this proceeding. Therefore, the judgment rendered by the Common Pleas Court of Miami County, Ohio is nondischargeable under 11 U.S.C. § 523(a)(6).

Having determined that the debt owed to the Plaintiff by the Defendant is nondischargeable pursuant to 11 U.S.C. § 523(a)(6), although it appears that the same result would be reached under Sections 523(a)(2) and (4), this court finds it unnecessary to address these assertions.

Accordingly, the motion for summary judgment (Doc. 32–1) filed by the Plaintiff, Estate of Reba Jones, is GRANTED.

An order in accordance with this decision is simultaneously entered.

SO ORDERED.