In re David W. ROEPER, Debtor.

**FOREST LANE PORSCHE AUDI ASSOCIATES, Plaintiff,**

v.

**David W. ROEPER, Defendant.**

**Bankruptcy No. 1–86–04256.**
**Adv. No. 1–87–0047.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Sept. 15, 1989.

Mark C. Bissinger, James H. Castellini, Cincinnati, Ohio for David W. Roeper.

Duane A. Boggs, Cincinnati, Ohio, for plaintiff.

Charles Caldwell, Cincinnati, Ohio, Asst. U.S. Trustee.

## DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BURTON PERLMAN, Chief Judge.

This adversary proceeding was commenced by the filing of a complaint to determine the dischargeability of a state court judgment in the amount of $178,-522.30. The complaint made express reference to § 523(a)(2) of the Bankruptcy Code. Plaintiff subsequently moved to amend its complaint to make it clear that liability on the basis of § 523(a)(6) was also asserted. This motion was contested by defendant, but after a consideration of the memoranda submitted by the parties, the motion was granted. Plaintiff thereupon filed a first amended complaint. Amendment of the complaint was really plaintiff's response to a motion for partial summary judgment by defendant. That motion contended that plaintiff could not recover the lost profits component of the state court judgment as nondischargeable under § 523(a)(2). That motion was mooted by the amendment.

Plaintiff had also filed a motion for summary judgment, but prior to the amendment of the complaint. Plaintiff there contended for nondischargeability on the basis of both § 523(a)(2) and § 523(a)(6). Defendant, however, did not respond completely to the motion until after the complaint was amended. What is before us now is plaintiff's motion for summary judgment, defendant having filed an additional memorandum by leave for the purpose of dealing with the § 523(a)(6) basis for nondischargeability urged by plaintiff, and plaintiff has filed a reply memorandum. This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(I).

Plaintiff accompanied its complaint in this proceeding with a certified copy of the judgment obtained in Florida. A copy of the trial transcript was also attached, and the affirmance of the judgment of the trial court by an appellate court is also before us. The question presented is whether we should accord preclusive effect to the judgment of the Florida court in its entirety, or whether the portion of it on account of profits or punitive damages is dischargeable.

It is undisputed that a judgment was entered in favor of plaintiff and against defendant in a Florida court. The judgment recites that there was a nonjury trial in the matter and the court heard testimony of witnesses and received exhibits, thereafter making findings of fact and conclusions of law. In its findings of fact, the court said that the parties entered into an agreement in the fall of 1982 concerning the importing of Porsche automobiles into the United States from Europe. Deposits totaling $32,000.00 were paid to defendant WORLDWIDE MOTORCARS, INC., a defendant in the case. Debtor, David Roeper, was the president of WORLDWIDE. One of the major incentives for plaintiff to enter into the transaction with defendant was representation by Roeper that his company could obtain Porsche 911's prior to the time they were generally available in the United States. Roeper represented that four Porsche 911's would be available by the end of December, 1984, that the first set of 10 Porsche 944's would be available in January, 1983, and that the second set of six Porsche 944's would be available in February, 1983. The deposits made with defendant WORLDWIDE were represented to be necessary to reserve the vehicles in Europe, and Roeper said that he would

forward the deposits to Europe to reserve the cars. The court expressly said that "This representation was false, was known by ROEPER to be false at the time he made the representation, was made with the intention to induce FOREST LANE to rely thereon, was relied upon by FOREST LANE, and FOREST LANE was damaged by relying upon the representation. The representation was made in order to induce FOREST LANE to enter into this transaction and was made by ROEPER either without any intention of sending the deposits to Europe, or with an intention not to send the deposits to Europe." The court made further findings not here relevant.

The court then reached conclusions of law that Roeper's misrepresentation that the deposits were necessary, were false, were known to be false at the time they were made, were made with the intent to induce FOREST LANE to rely thereon, were relied upon by FOREST LANE and resulted in FOREST LANE incurring damages. The court found that Roeper personally, by virtue of his misrepresentations, was liable to the plaintiff for damages incurred as a result of the misrepresentation. The court awarded damages in the amount of $32,000.00 for lost deposits, $7,322.30 as interest on the deposits, and $139,200.00 for lost profits. Finally, the court said the following:

> Forest Lane sought to recover punitive damages against Roeper and WORLDWIDE. The Court finds that the actions of Roeper and WORLDWIDE in this matter were malicious, willful, wanton, and in intentional disregard of FOREST LANE'S rights. The Court believes that punitive damages would be appropriate, but feels that under the circumstances of the case that the award of lost profits serves as a sufficient deterrent against Defendants for their improper conduct. In the event the award of lost profits is modified in any fashion, the Court would find that the amount of $139,200.00 (less any amount awarded for lost profits) would be an appropriate amount to be awarded FOREST LANE for punitive damages against Roeper and WORLDWIDE.

The court then entered judgment in the amount of $178,522.30 against the defendants jointly and severally.

The pleadings in the case before us disclose that it is undisputed that the judgment in the amount of $178,520.30 was based upon a bench trial at which the court heard testimony from witnesses, received exhibits into evidence and heard the arguments of counsel. Further, it is also undisputed that the judgment was appealed and affirmed.

■ The Bankruptcy Code at 11 U.S.C. § 523(a)(6), excepts from discharge debts which arise from "willful and malicious injury by the debtor to another entity or to the property of another entity." The first legal issue with which we deal is whether the conduct of defendant on account of which judgment was awarded to plaintiff in Florida was within the language of § 523(a)(6). Willful and malicious injury to property must be shown. It is well established in this circuit that in order for an act to be "willful and malicious" for purposes of this statute, the act must be intentional, and must necessarily lead to injury. *Perkins v. Scharffe*, 817 F.2d 392 (6th Cir.), cert. denied, 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112 (1987). It is very clear from the language of the findings of fact that the court found that the misrepresentations by defendant were intentional. The misrepresentation was that the $32,000.00 deposit was necessary to reserve the vehicles in Europe, and that defendant would forward the deposits to Europe to reserve the vehicles. Defendant reserved no vehicles, and delivered none to plaintiff. This resulted in a loss to plaintiff in the amount of money advanced for deposits, $32,000.00, as well as the profit plaintiff would have made if the vehicles had been provided, and interest. The causation linkage between the acts of defendant and the damage suffered by plaintiff as found by the Florida court clearly meets the standard that the damage "necessarily" followed defendant's intentional act.

■ Because the result we have reached depends upon the action of the Florida

court, we must deal with the question of whether the judgment of that court should be accorded collateral estoppel effect. In this circuit, before collateral estoppel can be applied, the following requirements must be met: the issue at hand must have been raised in the prior proceeding, the issue must have been actually litigated, and the determination must have been necessary to the outcome. *In re Pitner*, 696 F.2d 447, 448 (6th Cir.1982). In this case, the act causing willful and malicious injury was intentional misrepresentation, and there is no question that that issue was central in the Florida court. It is undisputed that the issue was actually litigated. Finally, there can be no question that the finding of intentional misrepresentation was necessary before the court in Florida could award the damages that it did.

In opposing plaintiff's motion, defendant argues that the elements of § 523(a)(6) must be established by a standard of clear and convincing evidence. The defendant says that the Florida court could reach the conclusion it did by applying only a standard of preponderance of evidence. Evidently, defendant's position is that this precludes the application of collateral estoppel, because a requirement of that doctrine, per *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir.1981), is that the state court must have used the same standard in evaluating the evidence as would be appropriate in a bankruptcy court in a dischargeability case. Defendant's position is mistaken. At best, from defendant's point of view, the Sixth Circuit Court of Appeals has made no clear declaration of the standard of proof to be applied in a proceeding under § 523(a)(6).

■ Beyond that, we are persuaded by the able analysis of Bankruptcy Judge William A. Clark in *In re Hall*, 98 B.R. 777, 780 (Bankr.S.D.Ohio 1989), that the proper standard of proof for § 523(a)(6) is preponderance of the evidence. We add only that such a position furthers the policy of judicial economy, for to hold otherwise would commonly result in a second trial in the bankruptcy court utilizing exactly the same evidence as was presented in the state court. In our view, the mistaken notion that all proceedings under 11 U.S.C. § 523 require a standard of clear and convincing proof crept into bankruptcy because that is the correct standard for proceedings under § 523(a)(2) where debts incurred through fraud are denied discharge. That is the most common variety of § 523 proceedings and the clear and convincing standard is correct because it is the universal standard applied by all courts in order to make out a cause of action for fraud. It ought not to follow that that standard should apply in all § 523 proceedings.

■ Defendant objects to any holding that the lost profits component of the Florida judgment is nondischargeable. If a state court judgment is given preclusive effect, as is the case here, a plaintiff is certainly entitled to compensatory damages. *In re Adams*, 761 F.2d 1422, 1427–8 (9th Cir.1985); *In re Caldwell*, 60 B.R. 214, 219 (Bankr.E.D.Tenn.1986). Lost profits are a component of compensatory damages. Restatement (2nd) of Contracts § 352. We hold that defendant's objection to the award of lost profits by the Florida court is not well taken.

Accordingly, we conclude that plaintiff is entitled to summary judgment that the judgment granted by the Florida court in the amount of $178,522.30 be held nondischargeable.