**In re Patrick Joseph NEMAN aka Patrick J. Neman dba Main Exchange fdba Neman Properties fdba Neman Telephone, Debtor.**

**CHEMICAL BANK, Plaintiff,**

v.

**Patrick J. NEMAN, Debtor/Defendant.**

**Bankruptcy No. 588–1466.**
**Adv. No. 588–0123.**

United States Bankruptcy Court,
N.D. Ohio.

Oct. 2, 1990.

Michael J. Moran, Cuyahoga Falls, Ohio, for plaintiff.

**548**

John J. Guy, Akron, for debtor/defendant.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND ORDER THAT DEBT IS NONDISCHARGEABLE

HAROLD F. WHITE, Bankruptcy Judge.

This matter is before the court on the plaintiff Chemical Bank's Complaint to determine the dischargeability of a debt owed to it by debtor/defendant Patrick J. Neman (hereinafter "debtor") and plaintiff's Motion for Summary Judgment on its Complaint and debtor's Memorandum in Opposition.

## BACKGROUND

Debtor, an attorney, represented Francis E. Rottmayer, who was the sole or majority shareholder in Eastgate Realty Company, Inc., which owned the Eastgate Shopping Center in Akron, Ohio. Plaintiff had previously obtained a judgment against Rottmayer in a New York state court for $879,-536.58, plus interest. In 1980, this judgment was transferred to the Medina County Common Pleas Court for purposes of collection. Plaintiff scheduled a debtor's examination of Rottmayer wherein Debtor appeared as Rottmayer's counsel. During the examination, debtor stated that he either had or would be able to get possession of the Eastgate Realty stock certificates, which he was holding as security for unpaid legal fees, and told plaintiff's counsel that they should serve any writ of execution on him rather than on Rottmayer. Thereafter, plaintiff obtained a writ of execution, and a Summit County Sheriff went to debtor's office in an attempt to get possession of the stock certificates. The Sheriff did not obtain possession of the stock certificates and made the following notation on the execution jacket: "8–19–80 Served Execution Papers upon Mr. Neman, he claims he does not have any of the stock certificates in his possession. He stated he would get in touch with Mr. Lichko to work this out." At trial in the Medina County Common Pleas Court, debtor testified that when the Sheriff came to his office, he had the stock at his home. However, in his answer to plaintiff's complaint, debtor had stated that he did not have possession of the stock on August 19, 1980. There was also evidence that debtor had sent a letter to one of plaintiff's attorneys wherein he stated that he had had possession of the stock since January 2, 1980. Thereafter, Eastgate Realty defaulted on the mortgages on Eastgate Shopping Center. Foreclosure actions were filed, but before the property was sold, Eastgate Realty and Rottmayer both filed bankruptcy. The shopping center was then sold during the bankruptcy proceeding; however, there were not enough funds after the sale to satisfy plaintiff's judgment. Thereafter, plaintiff filed suit in the Medina County Common Pleas Court asking for damages equal to the value of the Eastgate Realty stock on August 19, 1980. Plaintiff alleged that it had lost the opportunity to satisfy its judgment by levying on the Eastgate Realty stock because of debtor's fraudulent misrepresentation that he did not have the stock in his possession when the Sheriff served him with a writ of execution.

On May 17, 1988, in the Medina County Common Pleas Court, Case No. 46347, *Chemical Bank, A New York Banking Corporation v. Patrick J. Neman,* a jury found that debtor had committed fraud with "actual malice," and plaintiff was awarded a judgment against debtor in the amount of $972,500.00 for compensatory damages and an additional $50,000.00 in punitive damages together with interest at the rate of 10% per annum and costs (hereinafter referred to as "the debt").

On August 18, 1988, debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. Debtor listed the debt as a dischargeable debt.

· On August 30, 1988, this court terminated the automatic stay imposed pursuant to 11 U.S.C. § 362 in order to permit debtor to pursue his right of appeal of the Common Pleas Court decision.

Debtor filed an appeal and on April 26, 1989, the Ninth District Court of Appeals

affirmed the lower court's judgment. See *Chemical Bank of New York v. Neman*, C.A. No. 1745, 1989 WL 41526 (Ohio Apr. 26, 1989) (LEXIS, Ohio Library, Courts file).

Debtor appealed the Court of Appeals' decision to the Ohio Supreme Court, and on July 3, 1990, that court affirmed the lower court's decision. See *Chemical Bank of New York v. Neman* (1990), 52 Ohio St.3d 204, 556 N.E.2d 490. In this decision, the Ohio Supreme Court held that there was some competent credible evidence to prove all the essential elements of fraud. The court held that there was sufficient evidence to show that debtor made a material, misleading statement on which plaintiff reasonably relied to its detriment. Id. at 207–211, 556 N.E.2d 490.

On August 23, 1988, plaintiff filed a complaint to determine dischargeability of the debt. Thereafter, plaintiff filed a motion for summary judgment on its complaint on the grounds that dischargeability is precluded by 11 U.S.C. § 523(a)(6).

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding to determine dischargeability of a debt arising under 28 U.S.C. § 157(b)(1) and (2)(I).

On September 13, 1990, this case was converted to a Chapter 7 proceeding.

## ISSUE

Is plaintiff entitled to summary judgment pursuant to Bankruptcy Rule 7056 and the doctrine of *collateral estoppel*, and is the debt nondischargeable pursuant to 11 U.S.C. § 523(a)(6)?

## LAW

Plaintiff argues that it should be granted summary judgment pursuant to Bankruptcy Rule 7056 and Fed.R.Civ.P. 56 since there is no genuine issue of material fact and it is entitled to judgment as a matter of law, because the record of the jury trial in the Medina County Common Pleas Court shows that the jury found that debtor willfully and maliciously injured plaintiff's property. This would make the debt nondischargeable pursuant to 11 U.S.C. § 523(a)(6). That statute provides that a debtor is not discharged from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity. Plaintiff argues that this Court is bound by the doctrine of *collateral estoppel* because the factual issues necessary for a finding of willful and malicious injury have been decided already in the state court action.

■ Pursuant to the doctrine of *collateral estoppel*, a bankruptcy court is prevented from rehearing issues which have been determined previously in another court action. This doctrine is applied in order to ensure judicial efficiency by encouraging litigants to present their best arguments in the court of first instance. See *Spilman v. Harley*, 656 F.2d 224, 227–228 (6th Cir.1981). Before applying the doctrine of *collateral estoppel*, the bankruptcy court must ascertain that the issue to be precluded is precisely the same as that decided in the prior proceeding, and that the issue was actually litigated and necessary to the outcome of the prior decision. It is also requisite that the previous court applied the same standard of proof that is required in the bankruptcy court. *Spilman*, 656 F.2d at 227–228. Another requirement is that the prior court decision be a valid and final judgment. See *In re Buroker*, 72 B.R. 993, 996 (Bankr.S.D.Ohio 1987). Also see Russell, *Bankruptcy Evidence Manual*, 1990 Ed., § 4.

■ In the present case, the debt arises from a judgment which was both valid and final. However, the court also has before it a complete certified transcript of the jury trial in the Medina County Common Pleas Court; since a bankruptcy court is required to look at the entire record of the prior court proceeding, not just the judgment. See *Spilman*, 656 F.2d at 228.

■ Debtor has submitted an affidavit, along with his memorandum in opposition to the summary judgment motion, wherein he asserts that he did not intend to defraud plaintiff. However, the question before

this court is whether or not the issues of willful and malicious injury to plaintiff's property were actually considered and decided by the jury in the previous proceeding. See *Spilman*, 656 F.2d at 227–228. Since the facts of the case are established by the certified transcript of the trial court, which this court has read, this court concludes that the question under Bankruptcy Rule 7056 is a legal one only, i.e., whether on the basis of the prior state court decision, and the doctrine of *collateral estoppel*, plaintiff is entitled to judgment as a matter of law.

To fall within the § 523(a)(6) exception, there must be a determination that the debtor committed a willful and malicious injury to another entity or to the property of another entity. Debtor argues that the jury in the state court proceedings did not have before it the precise issue of whether or not debtor committed a "willful and malicious" act (as defined for bankruptcy purposes) which caused injury to plaintiff's property.

> An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will. The word "willful" means "deliberate or intentional," a deliberate and intentional act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury. It has been said that this category of liabilities excepted from discharge "contemplates something more restricted than malice in the broader sense," and covers all cases in which the facts of intent and malice are judicially ascertained, irrespective of the character of the allegations made by the parties.... A claim or judgment based merely upon negligence does not necessarily constitute a willful and malicious injury within the exception even if the negligence is alleged to be reckless and wanton. Under this paragraph, "willful" means deliberate or intentional. 3 *Collier on Bankruptcy* 523.16[1] (15th ed. 1990)

From a thorough review of the transcript, this court is convinced that the issue of willful and malicious injury was actually litigated, that the Medina County jury considered this issue, and that a determination of this issue was necessary to the outcome of the state court litigation. Debtor argues that it is impossible to determine that the jury considered the issue of willful and malicious injury because in Interrogatory No. 4, the jury found that "the Defendant's representations or concealment concerning his lack of possession of Eastgate Realty were made with knowledge of the falsity *or with such utter disregard and recklessness as to whether they were true or false that knowledge may be inferred*." (emphasis added) Debtor argues that from this interrogatory, it is impossible to determine whether the jury found his actions to be willful and malicious, or merely negligent. Mere negligence, even if reckless and wanton, will not support an exception under 11 U.S.C. § 523(a)(6). See *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1986) and 3 *Collier on Bankruptcy* 523.16[1] (15th ed. 1990). However, in this case, the jury also was instructed that they were not required to award punitive damages, but could do so if they found that debtor acted with "actual malice", which was defined for the jury as "a conscious disregard for the rights of other persons that has a great probability of causing substantial harm." The jury also was instructed that "(p)unitive damages may be awarded against the Defendant as a punishment to discourage others from committing similar wrongful acts." Interrogatory No 10, which the jury considered and answered in the affirmative, stated: "(d)o you find the Defendant acted with actual malice against the Plaintiff?" The jury went on to award $50,000 in punitive damages. The trial court also instructed on intent, i.e. willfulness. The jury was instructed that "(a) person intends to mislead another to rely on a representation when it is his purpose to mislead." Willfulness, or intent, was considered by the jury in Interrogatory No. 5, which stated: "(d)o you find the Defendant's representations or concealment concerning his lack of pos-

session of the Eastgate Realty Company stock were made with the intent of inducing the Plaintiff or its agent, the Summit County Sheriff's Deputy, into relying on them?" The jury answered this interrogatory, as it did all the others, in the affirmative.

Debtor also argues that the doctrine of *collateral estoppel* cannot be applied because the standard of evidence which was applied in the trial court was that of "preponderance of the evidence" while 11 U.S.C. § 523(a)(6) requires that the evidence be "clear and convincing." The evidence standard to be applied in the prior proceeding cannot be less than that required to be applied in the discharge proceeding. See *In the Matter of Wintrow*, 57 B.R. 695, 702 (Bankr.S.D.Ohio 1986) and *Spilman*, 656 F.2d at 227. The bankruptcy code is silent as to which evidence standard is to be applied in § 523(a)(6) cases. Although the Sixth Circuit has held that the standard of evidence for § 523(a)(2) fraud or false pretenses cases is clear and convincing evidence, that court has yet to determine what the standard of evidence is for cases falling under § 523(a)(6), willful and malicious injury. See *In re Phillips*, 804 F.2d 930 (6th Cir.1986), *In re Hall*, 98 B.R. 777, 780 (Bankr.S.D.Ohio 1989), *In re Roeper*, 103 B.R. 898, 901 (Bankr.S.D.Ohio 1989), *In the Matter of Dine*, 116 B.R. 101 (Bankr.S.D.Ohio 1990), and *In re Watkins*, 90 B.R. 848 (Bankr.E.D.Mich.1988). Furthermore, the various bankruptcy courts within the Sixth Circuit which have addressed this issue are in disagreement as to which standard of evidence to apply to cases falling under § 523(a)(6). See *Wintrow*, 57 B.R. at 703 wherein the court states that the "clear and convincing" evidence standard should apply. For cases wherein the courts state that a "preponderance of the evidence" standard is to be used, see *In re Rainer*, 108 B.R. 184 (Bankr.S.D.Ohio 1989), *In re Roeper*, 103 B.R. 898 at 901, *In re Hall*, 98 B.R. 777, 780 (Bankr.S.D.Ohio 1989), and *In re Harper*, 117 B.R. 306 (Bankr.N.D.Ohio 1990). Furthermore, this court is aware that there is a split of opinion on this matter in the courts outside of the Sixth Circuit.

Because of the importance of this issue to the parties and the practical effect upon the court in possibly having to try a matter which has previously been litigated, the courts have struggled with this issue. The majority of the courts have held, that for Sections 523(a)(2), (4) and (6), the burden is by "clear and convincing" evidence. Most of the courts so holding, have routinely done so, in proceedings *not* involving prior judgments and collateral estoppel. Therefore, these courts did not have to face the important question of whether to require the plaintiff to re-litigate his cause of action.

I believe that the better rule, announced in Combs v. Richardson, 838 F.2d 112 (4th Cir.1988), is that evidence by a "preponderance" is sufficient for Section 523(a)(6) and impliedly for (a)(2) and (a)(4).... Russell, *Bankruptcy Evidence Manual*, 1990 Ed., § 5

After a careful consideration of the matter, this court concludes that a "preponderance of the evidence" standard should be applied in discharge matters involving § 523(a)(6). This court is persuaded by the rationale found in *Combs v. Richardson*, 838 F.2d 112 (4th Cir.1988), and followed by the court in *Hall*, 98 B.R. 777 at 780.

The Bankruptcy Code is silent as to the standard of proof necessary to establish the exceptions to discharge in § 523. In the face of this silence, courts may not imply a higher standard than the preponderance standard normally applied in civil proceedings. Although the "fresh start" philosophy of bankruptcy law requires that exceptions to discharge "be confined to those plainly expressed," (citation omitted), this policy does not justify judicial imposition of a heavier burden of proof on creditors seeking to have debt determined nondischargeable under § 523(a)(6).

Congress had reasons for enacting the exceptions to discharge in bankruptcy embodied in § 523. While bankruptcy proceedings are intended to afford debtors a "fresh start," the provision at issue here expresses Congress' determination that debts incurred as the result of a debtor's willful and malicious injury of another are of a type that bankruptcy

ought not to forgive. The balance of these competing policies does not require a heightened standard of proof of the § 523 exception, but does require that the bankruptcy court carefully determine that the prerequisites for collateral estoppel have been fully satisfied. Although lower courts are divided on the question of the appropriate standard of proof (citations omitted)

... (w)e hold that the policies of the Bankruptcy Code are best effectuated by requiring that creditors prove by a preponderance of the evidence the willfulness and maliciousness of the debtors' acts under § 523(a)(6) and by waiting for Congress, not the courts, to signal a departure from this standard.... *Richardson*, 838 F.2d at 116.

In a motion for summary judgment, the evidence must be viewed in the light most favorable to the opposing party. See *Rainer*, 108 B.R. 184 at 185 and Bankruptcy Rule 7056. However, after thoroughly examining the state court transcript, this court concludes that there was, in fact, *clear and convincing evidence* which showed that the debt was a result of a willful and malicious injury (as that term is defined in bankruptcy law) by debtor to plaintiff's property. As was previously pointed out, the Ohio Supreme Court, after carefully considering the evidence, found that there was sufficient evidence to show that debtor had intentionally misled plaintiff.

In a summary judgment proceeding, the burden of proof is on the moving party. This court concludes that plaintiff has met its burden to show that there is no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law. See *Rainer*, 108 B.R. 184 at 185, and Bankruptcy Rule 7056.

For the foregoing reasons, it is hereby ORDERED that plaintiff's motion for summary judgment is granted and the debt from debtor to plaintiff is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).