In re Frank A. RAGONE, Jr., Debtor.

Frank A. RAGONE, Jr., Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 93–51174.
Adv. No. 93–5124.

United States Bankruptcy Court,
N.D. Ohio.

July 19, 1994.

James L. Bickett, Office of U.S. Atty., Akron, OH, and Leslie M. Singer, Trial Atty., U.S. Dept. of Justice, Washington, DC, for defendant.

Louis G. DeGross, Lakewood, OH, for plaintiff.

Kathryn A. Belfance, Trustee, Kathryn A. Belfance & Associates, Akron, OH.

### MEMORANDUM DECISION ON MOTIONS FOR SUMMARY JUDGMENT

HAROLD F. WHITE, Bankruptcy Judge.

Before the Court are Motions for Summary Judgment filed by both the Debtor/Plaintiff ("Ragone") and the Defendant ("USA"). The parties have agreed that this adversary proceeding shall be submitted for decision of the Court on the pleadings. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

### Statement of Facts

The following facts are undisputed.

1. On June 22, 1993, Ragone filed his petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code.

2. The USA, by the Internal Revenue Service ("IRS"), filed a Proof of Claim, dated October 22, 1993, asserting that Ragone owed certain sums of money for federal income taxes, interest, and penalties for years 1973, 1974, and 1975, and for trust fund taxes, as well as interest and penalties, for the tax quarter ending June 30, 1987. The amount of the Proof of Claim totalled $334,-926.56. Government Exhibit A.

3. On February 25, 1994, Ragone served his Amended Complaint to Determine Dischargeability of Plaintiff's Tax Liabilities, wherein he contended that the income taxes, interest, and penalties for tax years 1973, 1974, and 1975 are not excepted from discharge.

4. On August 21, 1980, the United States District Court entered a decision, after trial, in the criminal case of *United States of America v. Frank A. Ragone, Jr.,* No. CR80–61 (N.D.Ohio 1980), with respect to Defendant's income tax liability for the tax years 1973, 1974, and 1975 (the "Criminal Case"). Plaintiff Exhibit A.

5. In the Criminal Case, the District Court found Ragone not guilty of willful evasion of taxes as to those tax years. Plaintiff Exhibit A.

6. On October 4, 1984, the United States Tax Court entered a decision, after trial, in the case *Frank A. Ragone, Jr. v. C.I.R.,* 48 T.C.M. 1340, 1984 WL 15181 (1984), with respect to Ragone's income tax liabilities for tax years 1973, 1974, and 1975 (the "Tax Case"). Government Exhibit B.

7. In the Tax Case, the Tax Court held "[o]n the basis of our consideration, we find that respondent has clearly and convincingly demonstrated fraud for the years in issue" being 1973, 1974, and 1975. See, Government Exhibit B.

The Tax Court further held "when a return is false and fraudulent, the statute of limitations does not bar the assessment or collection of the deficiency at any time ... we have found petitioner's returns to be

fraudulent". As a result, the Debtor was assessed several penalties, as well as the taxes due.

8. The Debtor never took appeal of the decision rendered in 1984 by the Tax Court.

9. The USA admits the penalties and interest contained in the Proof of Claim, with respect to the income tax liabilities, are dischargeable, and that the Motion for Summary Judgment only applies for the income tax and interest for tax years 1973, 1974, and 1975.

### The Parties' Position

The USA asserts that Ragone's tax liabilities for tax years 1973, 1974, and 1975 are excepted from discharge, under 11 U.S.C § 523(a)(1)(C), because Ragone filed fraudulent tax returns for those years. The USA further asserts Ragone is collaterally estopped from arguing he did not file fraudulent returns for said years because this issue was fully litigated and decided in the Tax Case. In support of its position, the USA relies on the Tax Case which held, by clear and convincing evidence, that Ragone filed fraudulent returns for tax years 1973, 1974, and 1975.

Ragone argues that the Criminal Case is controlling authority for this case. In the Criminal Case, the issue before the District Court was whether the Debtor willfully attempted to evade or defeat income taxes under 26 U.S.C. § 7201 for the years 1973, 1974, and 1975. In the Criminal Case, the USA attempted to use the "net worth method" to establish Ragone's unreported taxable income. The District Court found Ragone not guilty on all counts and further found the government failed to meet its burden of proof regarding the evidence used to establish Ragone's net worth. See, Criminal Case, p. 8.

### ISSUE

**Are Ragone's income tax liabilities for tax years 1973, 1974, and 1975 exceptions to discharge pursuant to 11 U.S.C. § 523(a)(1)(C)?**

### Conclusions of Law

Section 523(a)(1)(C) provides that an individual debtor is not entitled to a discharge from any debt for a tax "with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax." 11 U.S.C. § 523(a)(1)(C).

In the Tax Case, the Court held, based upon clear and convincing evidence, that Ragone filed fraudulent tax returns for years 1973 through 1975. The USA contends that, because of this decision, Ragone is collaterally estopped from arguing that he did not file fraudulent returns.

Ragone counters that the Criminal Case should be controlling because it was the first adjudication of the facts, and the District Court found the government failed to meet its burden on the net worth method.

"Pursuant to the doctrine of collateral estoppel, a bankruptcy court is prevented from rehearing issues which have been determined in another court action. This doctrine is applied in order to ensure judicial efficiency by encouraging litigants to present their best arguments in the court of first instance." *In re Neman,* 119 B.R. 547, 549 (Bankr. N.D.Ohio 1990). In cases to determine dischargeability of a claim, a bankruptcy court properly gives collateral estoppel effect to those elements of the claim which are identical to the elements required for discharge and which were actually litigated and determined in a prior action. *Grogan v. Garner,* 498 U.S. 279, 284–85, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991). Where all of the requirements of collateral estoppel are met, collateral estoppel should preclude relitigation of factual issues in the bankruptcy court. *Spilman v. Harley,* 656 F.2d 224, 228 (6th Cir.1981).

In *Spilman,* the Sixth Circuit enumerated the requirements for the application of collateral estoppel. "Collateral estoppel requires that the precise issue in the later proceedings have been raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome." *Spilman,* 656 F.2d at 228. In addition, the previous court must have applied the same standard of proof that is required in the bankruptcy court, and the

prior court decision must be a valid and final judgment. *In re Neman,* 119 B.R. at 549.

■ The issue before the Court here is whether or not Ragone's income taxes are dischargeable. If Ragone filed fraudulent returns for the years in question, the taxes are not dischargeable. If the returns are not fraudulent, the income taxes may be discharged.

This Court has read both the decisions in the Criminal Case and the Tax Case. This Court finds the issue in the Tax Case is the same as presented here: Did Ragone file fraudulent tax returns for the years 1973, 1974, and 1975? In the Tax Case, the Court concluded Ragone did indeed file fraudulent returns for those years.

Moreover, this Court finds that the Tax Case satisfies all the requirements for collateral estoppel. Because the precise issue in this proceeding was raised in the Tax Case, the first element required for the application of collateral estoppel has been met.

Further, the issue of fraudulent returns for tax years 1973, 1974, and 1975 was actually litigated in the Tax Court. The Tax Court provides a thorough discussion of the evidence and arguments submitted by Ragone. The Tax Court considered the evidence and made specific findings of fact relating to the existence of fraud and the truthfulness of Ragone's tax returns, including omitting income from returns, the understatement of income, failure to report portions of interest income on tax returns, and failure to report gambling income on tax returns. Accordingly, the issue of fraudulent returns was actually litigated in the Tax Court.

Furthermore, the determination that Ragone filed fraudulent returns was necessary to the outcome of the Tax Case. In that action, one of the issues was whether the statute of limitations barred the assessment or collection of any deficiency for the taxable years at issue. In order to hold that the statute of limitations had not run, the Court had to determine whether Ragone had filed fraudulent tax returns. The Court stated:

> In the instant case, we have found petitioner's returns to be fraudulent. Thus, the statute of limitations does not bar the assessment or collection of the deficiency for the years 1973, 1974 and 1975.

*Frank A. Ragone, Jr.,* 48 TCM at 1345. Accordingly, the issue of fraudulent tax returns was necessary to the outcome of the tax litigation.

[5] Application of collateral estoppel also requires the previous court to have applied at least the same standard of proof that is required in the bankruptcy court. This Court finds that requirement is satisfied with the Tax Case. The standard of proof for the dischargeability exceptions contained in 11 U.S.C. § 523(a) is the preponderance of the evidence standard. *Grogan,* 498 U.S. at 289–90, 111 S.Ct. at 661.

The Tax Court determined, by clear and convincing evidence, that Ragone filed fraudulent returns for tax years 1973, 1974, and 1975. The Supreme Court has stated that "A creditor who successfully obtained a fraud judgment by clear and convincing evidence would, however, be indifferent to the burden of proof regarding · nondischargeability, because he could invoke collateral estoppel in any event." *Grogan,* 498 U.S. at 285, 111 S.Ct. at 658. Because the Tax Court found that Ragone filed fraudulent returns for the years at issue by a burden of proof higher than that required in the bankruptcy court, the element for the application of collateral estoppel with respect to burdens of proof has been met.

Finally, the prior court decision was a valid and final judgment. Judgment in the Tax Case was entered on October 4, 1984, and was not appealed. Because all the requirements for collateral estoppel are satisfied with the Tax Case, Ragone is collaterally estopped from relitigating the same issue here in this adversary proceeding.

■ When reviewing the Criminal Case, this Court finds collateral estoppel does not apply. In the Criminal Case, the District Court addressed the charges against Ragone of willful attempt to evade or defeat income taxes for years 1973 through 1975. In that decision, the District Court stated the burden was on the government "to establish beyond a reasonable doubt that the defendant had a tax liability in addition to that which he

reported; that the defendant attempted to evade or defeat the additional tax liability; *and* that the defendant acted wilfully (sic)." (Emphasis added.) *United States v. Frank A. Ragone, Jr.,* CR80–61, page 1 (1980).

The issue addressed in the Criminal Case of Ragone's willful evasion of income taxes is different from the present issue of whether Ragone filed fraudulent returns for the years 1973 through 1975. Thus, the first requirement for application of collateral estoppel is not fulfilled and, accordingly, the other requirements related to actual litigation of the issue and necessity of the issue were also not satisfied. *Spilman,* 656 F.2d at 228.

Furthermore, the District Court must have applied at least the same standard of proof that is required in the bankruptcy court. The standard of proof for the present dischargeability exceptions is the preponderance of the evidence standard. *Grogan v. Garner,* 498 U.S. 279, 289–90, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). In contrast, the District Court, trying a criminal case, applied the "beyond a reasonable doubt" standard of proof. Indeed, the District Court stated at page 8 of its decision that "Even assuming the Court agreed with the government on all the other issues presented, the Court would be forced to conclude that the government has failed to carry its burden to prove the defendant's guilt beyond a reasonable doubt."

Because a different standard of proof was used in the Criminal Case against the debtor, the Criminal Case can not be given collateral estoppel effect and is irrelevant to the question of whether the debtor's tax liabilities are excepted from discharge.

However, as discussed earlier, the Tax Case decision does satisfy the collateral estoppel requirements and, therefore, Ragone is estopped from relitigating the issue of fraudulent tax filings for 1973, 1974, and 1975.

Moreover, even if collateral estoppel applied to the Criminal Case, this Court finds that it would not render a judgment in favor of Ragone. The Criminal Case found Ragone did not willfully evade income tax. Willful evasion of tax is only one of two grounds found for exception to discharge in

Section 523(a)(1)(C). The other basis is when the debtor files a fraudulent tax return. Even if this Court recognized the Criminal Case as controlling authority, then willful evasion of tax would not be a basis for exception to discharge. However, filing fraudulent returns would still remain as a basis for exception to discharge. Because the Tax Case has established that Ragone did file such fraudulent returns, this Court is bound by collateral estoppel to find Ragone's income tax liability for the years 1973, 1974, and 1975 is not dischargeable.

In a recent decision, the Sixth Circuit Court upheld a decision that the Debtor willfully attempted to evade or defeat his tax liability within the meaning of § 523(a)(1)(C). The Circuit Court found that the tax debt was not dischargeable. *Toti v. United States of America (In re Toti),* 24 F.3d 806 (6th Cir.1994). The Sixth Circuit stated:

> The district court here held that the definition of "willfully attempted to evade" was consistent with the definition found in other civil tax cases, which equates "willful" with voluntary, conscious, and intentional evasions of tax liabilities. *See, also, Collins v. United States,* 848 F.2d 740, 742 (6th Cir.1988).

24 F.3d at page 809.

In *Toti,* the debtor argued that only affirmative acts to willfully evade taxes, a felony under § 7201 of the Internal Revenue Code, were non-dischargeable and, merely failing to file a tax return, a misdemeanor, did not rise to the level of criminality to be non-dischargeable.

The Sixth Circuit Court rejected this argument and stated, "We believe that a plain reading of 11 U.S.C. § 523(a)(1)(C) includes both acts of commission and acts of omission." *Id.* Thus, the level of criminality of the acts of the debtor was not relevant to the finding of non-dischargeability.

Therefore, based upon the foregoing findings of fact and law, this Court shall enter a separate entry denying Frank A. Ragone, Jr.'s, Motion for Summary Judgment and

granting summary judgment in favor of the United States of America.