In re Frank A. RAGONE, Jr., Debtor.

Frank A. RAGONE, Jr.,
Plaintiff–Appellant,

v.

INTERNAL REVENUE SERVICE,
Defendant–Appellee.

No. 5:94 CV 1766.
Bankruptcy No. 93–51174.
Adv. No. 93–5124.

United States District Court,
N.D. Ohio,
Eastern Division.

Dec. 27, 1994.

Louis G. DeGross, Lakewood, OH, for Frank A. Ragone, Jr.

Kathryn A. Belfance, Law Offices of Kathryn A. Belfance, Akron, OH, Leslie M. Singer, Dept. of Justice, Washington, DC, James L. Bickett, Office of U.S. Atty., Akron, OH, Stacy Hallett, Tax Div., Dept. of Justice, Washington, DC, for U.S.

## MEMORANDUM OPINION

DOWD, District Judge.

This is an appeal from the July 19, 1994 decision and judgment entry of Judge Harold White of the Bankruptcy Court granting the motion of the United States of America for summary judgment on the application of Frank A. Ragone for a discharge from the debt presented by the Internal Revenue Service by way of a proof of claim totalling $334,926.56. The proof of claim asserted that the debtor owed certain sums of money for federal income taxes, interest, and penalties for the years 1973, 1974 and 1975 and for trust fund taxes, as well as interest and penalties, for the tax quarter ending June 30, 1987.

The government opposed the discharge in reliance on the provisions of 11 U.S.C. Section 523(a)(1)(C) which denies a discharge from any debt "with respect to which the debtor made a fraudulent return or wilfully attempted in any manner to evade or defeat such tax."

The debtor also moved for summary judgment on the issue of discharge and relies on the fact of the debtor's acquittal of three counts of wilful evasion of income taxes in violation of 26 U.S.C. Section 7201 for the tax years of 1973, 1974 and 1975 in Criminal Action CR80–61 before then District Court Judge Leroy Contie. Judge Contie published a twelve page opinion in support of his decision to acquit. He indicated that the government relied on a net worth method to establish its case and after an exhaustive review of the evidence concluded:

Thus, the Court entertains serious doubts about the opening net worth which is the foundation for all the government's further calculations. Even assuming the Court agreed with the government on all the other issues presented, the Court would be forced to conclude that the government has failed to carry its burden to prove the defendant's guilt beyond a reasonable doubt. Accordingly, the Court finds the defendant Frank A. Ragone, Jr. not guilty on all counts.

Following the acquittal, the issues regarding the debtor's income tax liability for the tax years 1973, 1974 and 1975 were adjudicated in the favor of the Internal Revenue Service. *Frank A. Ragone, Jr. v. C.I.R.*, 48 TCM 1340, 1984 WL 15181 (1984). The Tax Court concluded:

For the reasons stated below, we conclude that (1) respondent's net worth computation complies with the *Holland* and *Massei* standards; (2) respondent has proved, by clear and convincing evidence, that petitioner's underpayment of his taxes for 1973 through 1975 was fraudulent; and (3) the statute of limitations does not bar the assessment or collection of the deficiencies in the instant case.

The debtor did not appeal the adverse ruling from the Tax Court.

In granting summary judgment for the government and denying the debtor's competing motion for summary judgment, Judge White wrote a lengthy opinion which began with the declaration that there were no facts in dispute. On appeal from Judge White's decision the debtor-appellant does not challenge the proposition that the issue of discharge could be resolved by summary judgment, but rather contends that he and not the government should have been the recipient of summary judgment on the proposition that Judge Contie's declaration collaterally estops the government from contesting the discharge.

The debtor's position is patently without merit. The resolution of the criminal case was not dispositive of the issue of fraud in a civil case sense. However, the unchallenged and adverse decision of the Tax Court does collaterally estop the debtor from challenging the denial of his discharge as to the assessments, penalties and interest with respect to the tax years 1973, 1974 and 1975. IN granting summary judgment for the government on the discharge issue, Judge White, in his analysis, properly relied on *In re Neman*, 119 B.R. 547 (Bankr.N.D.Ohio 1990); *Grogan v. Garner*, 498 U.S. 279, 284–85, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991) and *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir.1981).

Initially, it is apparent that the issue of fraud was actually litigated in Tax Court and that its determination was necessary to the outcome in those proceedings. *Spilman, supra,* at 228. Secondly, as indicated by Judge White, the application for collateral estoppel requires at least the same standard of proof as is required in Bankruptcy Court. The Tax Court applied clear and convincing standard which is a higher standard than preponderance of the evidence which is the standard of proof for the dischargeability standards contained in 11 U.S.C. Section 523(a). See *Grogan,* supra at page 661. By contrast to the decision in the Tax Court decision, the burden of proof on the government in the criminal case was proof beyond reasonable doubt. Thus the debtor's acquittal does not constitute a ruling entitled to a collateral estoppel benefit for the debtor.

For the foregoing reasons, the July 19, 1994 judgment of the Bankruptcy Court denying the debtor's application for a discharge of the assessments, penalties and interest arising from the debtor's 1973, 1974 and 1975 income tax years is AFFIRMED.

IT IS SO ORDERED.